UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIKA MALONE** | **CIVIL ACTION** |
| **VERSUS** | **NO:   21-211** |
| **BOEING COMPANY, ET AL.** | **SECTION: "D" (4)** |

**REPORT AND RECOMMENDATION**

Plaintiff Erika Malone filed this action on February 1, 2021, seeking damages for alleged employment discrimination action pursuant to Title VII and as applicable 42 U.S.C. § 2000e. R. Doc. 1. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 United States Code § 636(b) to address non-dispositive pretrial matters and for the submission of proposed Findings and Recommendations as appropriate.

**I.      Factual and Procedural History**

Malone alleges that while working for the Boeing Company ("Boeing") she suffered from race, gender, and age discrimination. *Id.* Malone also alleges that she was sexually harassed. *Id.* In support of these contentions, Malone alleges that younger white males at Boeing were given better tasks than her and better bonuses than her. Malone also alleges that on February 14, 2019, her co-worker, Rudy Gordy, smacked her buttocks. *Id.* Malone filed claims with the Equal Employment Opportunity Commission ("EEOC") and received a notice of right to sue. *Id.*

On February 2, 2021, the Clerk of Court issued summons. R. Doc. 2. On May 21, 2021, the Court issued its first Show Cause Order seeking the Plaintiff show cause for her failure to serve Defendants Boeing Company and Rudy Gordy within ninety (90) days of filing the complaint. R. Doc. 3. That mail was returned as undeliverable. R. Doc. 4.

On July 7, 2021, the Court contacted Plaintiff to get a deliverable address to renotice the show cause order. Plaintiff provided a valid address. Plaintiff also indicated a desire to proceed in this case but thought she would need counsel.

On July 9, 2021, the Court reissued to the second Show Cause Order requiring Plaintiff to show cause on or before August 4, 2021, why her claims against the named Defendants should not be dismissed for her failure to serve the complaint within ninety (90) days as required by Federal Rule of Civil Procedure 4(m). R. Doc. 5.  To date, Plaintiff has not responded to the Show Cause Order or otherwise contacted the Court about her case.

II.     **Standard of Review Under Fed. R. Civ. P. 41(b) and 4(m)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

A plaintiff is required to serve the defendant with summons and complaint within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). "If service of the summons and complaint is not made upon a defendant within [90][1] days after the filing of the complaint, the court shall sua sponte dismiss the action without prejudice or direct that service be effected within a specified

---

[1] The Court notes that the 2015 Amendments to the Federal Rules of Civil Procedure reduced the presumptive time to serve a defendant from 120 days to 90 days. Fed. R. Civ. P. 4, Subdivision (m).

time, provided that, if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Harrell v. Edwards*, No. CIVA 05-4002, 2006 WL 2700704, at *2 (Roby, M.J.) (E.D. La. Aug. 28, 2006) (citing *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626 (5th Cir. 1997)). When process has not been properly served on a defendant, dismissal of the complaint itself is inappropriate where there exists a reasonable prospect that service may be obtained. *Id.* (citing *Amous v. Trustmark National Bank*, 195 F.R.D. 607, 610 (N.D.Miss.2000) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992))).

### III. Analysis

In this case, Erika Malone is without counsel and is responsible for the prosecution of her case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quotation omitted); *Birl*, 660 F.2d at 593.

Here, the record contains no indication that the Boeing Company or Rudy Gordy were ever served. In addition, the Court has not received a response explaining the cause or nature of the service delay. In fact, since July 7, 2021, when she was verbally apprised of the Show Cause Order, there has been no further communication with Ms. Malone.

Accordingly, dismissal of Malone's claims against the Boeing Company and Rudy Gordy is proper under both Rule 4(m) and Rule 41(b) for her failure to serve summons and prosecute this case. *See Harrell*, 2006 WL 2700704, at *3.

**IV.     Recommendation**

Accordingly,

It is therefore **RECOMMENDED** that Malone's Title 42 U.S.C. § 2000e complaint as urged against the Boeing Company and Rudy Gordy be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 19th day of August 2021.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.